Hope Del Carlo, OSB No. 002410
hope@elemental.law
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-789-7372
Attorney for Plaintiff

Keith Karnes, OSB No. 033521
keith@rankkarneslaw.com
Rank & Karnes Law PC
2701 12th St. SE
Salem, OR 97302
Tel: 503-385-8888
Fax: 503-385-8899
Of Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**EUGENE DIVISION**

| | |
|---|---|
| **TONYA GOLDEN and JOHN JAMES GILBERT, by and through his Guardian ad Litem TONYA GOLDEN,**<br><br>Plaintiffs,<br><br>v.<br><br>**PHH MORTGAGE CORPORATION, dba PHH MORTGAGE SERVICES,**<br><br>Defendant. | Case No.: 6:26-cv-00243-AP<br><br>**FIRST AMENDED COMPLAINT**<br>(Real Estate Settlement Procedures Act, Oregon Unlawful Trade Practices Act, Oregon Unlawful Debt Collection Practices Act, Financial Abuse of a Vulnerable Person)<br><br>DEMAND FOR JURY TRIAL |



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

## I. INTRODUCTION

**1.**

The plaintiffs are owners of a house in Sweet Home, Oregon, that they inherited from their mother. Plaintiff John Gilbert has muscular dystrophy, and his sister, Tonya Golden, takes care of Mr. Gilbert and her disabled husband full time. The plaintiffs got behind on their loan due to financial hardship and the loss of their mother. In 2024, after several years of struggle, they were approved for $60,000 in reinstatement funds from the State of Oregon under the Homeowner Assistance Fund (HAF). The reinstatement funds were sent to defendant PHH Mortgage Corporation, but for several months, it inexplicably refused to apply the money to the plaintiffs' loan and honor the modification it had offered the plaintiffs in conjunction with their approval for HAF funds.

For the first several months of 2025, PHH chose to push forward with a threatened nonjudicial foreclosure sale, forcing the plaintiffs to apply for and receive a restraining order from Linn County Circuit Court under the Oregon Elderly Persons and Persons with Disabilities Abuse Prevention Act.

Ultimately, PHH agreed to offer the plaintiffs a trial payment plan, but not until after the plaintiffs suffered financial damage and severe emotional distress. This First Amended Complaint clarifies and updates the allegations of the Complaint, and is filed as permitted by FRCP 15(a)(1)(A).

## II. JURISDICTION AND VENUE

**2.**

This Court has original jurisdiction over this action based on federal questions, under 28 U.S.C. § 1331, due to claims arising under the Real Estate Settlement Procedures Act (RESPA).



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

There is supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to this claim occurred in Linn County, Oregon, and the property at issue is located there.

## III. PARTIES

**3.**

Plaintiff John James Gilbert ("Mr. Gilbert") is a natural person, and one of the record owners of the property at issue. He suffers from muscular dystrophy, has limited mobility, and requires assistance for activities of daily living and communication. Since Mr. Gilbert is unable to adequately prosecute this action due to his significant disabilities, which impair his communication and mobility, Tonya Golden has been appointed to act as his Guardian ad Litem pursuant to Rule 17(c)(2) of the Federal Rules of Civil Procedure and LR 17.

**4.**

Tonya Golden, Mr. Gilbert's sister, is the other record owner of the property at issue in this case. She is Mr. Gilbert's caregiver and resides with him and her husband, who was rendered totally disabled by a brain aneurism and has severe cognitive disabilities. Ms. Golden acts as full-time, at-home caregiver for her brother and her husband.

**5.**

Defendant PHH Mortgage Corporation, dba PPH Mortgage Services ("PHH"), is a New Jersey corporation, and a residential mortgage servicer licensed by and doing business in the State of Oregon.

## IV. FACTUAL ALLEGATIONS

**6.**



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

The plaintiffs inherited the house located at 4602 Kalmia Street in Sweet Home after their mother, Reba Gridley, passed away. It is the plaintiffs' home and primary residence. Reba Gridley had previously owned the house jointly with the plaintiffs' stepfather, Rick Gridley. When he died, Reba Gridley became the sole owner of the home by right of survivorship. She left the home to the plaintiffs in her will. Ms. Golden worked hard to resolve several financial and practical obstacles after her mother died so that she and Mr. Gilbert could keep their home and the family's only real asset. Her efforts included: hiring an attorney to file a probate case after her mother died; serving as the personal representative in the probate of Reba Gridley's estate and seeing the probate through to completion; finding and working with a legal services funded attorney who could help her stave off the defendant's efforts to foreclose while Ms. Golden tried to save the home; assisting her husband (who had formerly been the family breadwinner) to apply for Social Security Disability following a catastrophic brain aneurysm that rendered him unable to work shortly after the pandemic began; resolving a debt owed to the probate attorney she initially hired, who withdrew from the probate case for non-payment; finding and working with a HUD-certified housing counselor, who assisted Ms. Golden in applying for loss mitigation assistance and reinstatement funds through the Oregon Homeowner Assistance Fund so that the loan at issue in this case could be reinstated. Over the course of several years, following the global COVID-19 pandemic and the death of her mother, Ms. Golden managed to successfully carry out all these tasks, while also taking care of her disabled relatives full-time.

**7.**



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

The house secures an FHA mortgage, serviced by defendant PHH, that was originated when the plaintiffs' stepfather, Rick Gridley, was alive. During the COVID-19 pandemic, they fell behind on mortgage payments due to financial hardship and the loss of their mother.

**8.**

After Ms. Golden's years of effort described above, in late 2024, the plaintiffs were at last approved for reinstatement assistance through the Oregon Homeowner Assistance Fund (HAF) in the amount of approximately $60,000. The State of Oregon disbursed the funds to PHH on or around March 5, 2025, to cure the default.

**9.**

Around the time that the HAF funds were disbursed, PHH approved a loan modification for the plaintiffs and mailed modification paperwork to their home for them to sign. The paperwork had a minor clerical error regarding Ms. Golden's middle initial. She called PHH and pointed out the problem with the papers. Over the telephone, PHH's representative instructed the plaintiffs to sign the documents anyway and return them. PHH said it would mail out corrected documents later.

**10.**

Plaintiffs followed these instructions. They began making monthly payments to PHH under the terms of the modification, mailing in timely payments for April, May, and June 2025. Despite its approval of a modification and initial acceptance of modified payments, PHH did not apply the $60,000 in HAF funds to the plaintiffs' mortgage account and reinstate the loan when they were received by PHH.

**11.**



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

Instead, PHH instructed Quality Loan Service Corporation ("QLS"), its foreclosure trustee, to conduct a trustee's sale of the plaintiffs' home on May 30, 2025. To stop the sale, on May 28, 2025, the plaintiffs applied for restraining orders under Oregon's Elderly Persons and Disabled Persons Abuse Prevention Act, which were granted against PHH and QLS's threatened foreclosure sale. The restraining orders granted by the Linn County Circuit Court are still in effect as of the date of filing of this Complaint, but will expire one year from their issuance (on or about May 28, 2026) under ORS 124.020(1).

**12.**

On or about June 26, 2025, approximately one month after the Oregon court granted restraining orders against the sale of the house, plaintiffs' attorney sent a Qualified Written Request, Request for Information, and Notice of Error (the "QWR Letter") to PHH that asked it to fix the problems it had created by refusing to accept the $60,000 in HAF funds, and bungling the loan modification paperwork.

The QWR Letter clearly and specifically asked that PHH confirm that the plaintiffs are the successors in interest to the home and the loan; that it apply the $60,000 in HAF Funds to the loan; that it remove all late fees and foreclosure-related fees that it had added since the HAF Funds were sent (at which point the loan should have been considered current and fully reinstated); and that PHH send corrected loan modification documents for the plaintiffs to sign, as it had said it would. It also requested that PHH acknowledge receipt of the modified payments that had been sent in at that point, for April, May, and June 2025. Finally, the QWR asked PHH to confirm in writing that the plaintiffs were no longer in default, and that the loan was current. In accord with the Linn County Circuit Court's restraining order, it asked that PHH contact the plaintiffs only through their attorney.



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

**13.**

PHH mailed plaintiffs' attorney a response to the QWR Letter, but it failed to correct all the issues the plaintiffs had raised. PHH's response letter included copies of loan modification documents made out for signature by plaintiffs' deceased stepfather, Rick Gridley, which PHH characterized as "corrected loan documents."

**14.**

Because PHH did not respond to the QWR by correcting all errors, by immediately applying the HAF funds and modification payments, and by removing all late fees and foreclosure costs from the account, the plaintiffs incurred economic loss in the form of lost equity due to unfair and unnecessary default-related charges, including PHH's own attorney fees that it is adding to the loan balance the plaintiffs will eventually be forced to pay off. As of the date of filing of this Complaint PHH has offered the plaintiffs a trial loan modification, and they have timely made all trial payments required of them, but the terms and components of any permanent modification that may result (including the interest rate and the status of prior payments they and the State of Oregon have made) are unknown at this time.

**15.**

PHH's bad faith loan servicing activities caused Mr. Gilbert and Ms. Golden terror, worry, anxiety, frustration, humiliation, and other emotional and physical symptoms due to the extreme stress caused by PHH putting them at risk of losing their shelter and main asset, the house their mother left them. They had to deal with severe emotional distress that is ongoing, as their loan has not yet been permanently modified and still includes unwarranted default-related charges and lender's attorney fees. Because the loan is not yet permanently modified, and illegal charges are presumably included in the outstanding balance, they continue to live with the



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

prospect that their lender could move forward to foreclose on their home, though they did everything they could to cooperate with PHH so that they could stay in their home.

**16.**

PHH should be required to pay punitive damages as a consequence of attempting to conduct the foreclosure of the plaintiffs' home in spite of their receipt of HAF funds and acceptance of a loan modification offered by PHH. This conduct displays total disregard for the financial, emotional, and physical safety and well-being of its customers—homeowners who have no choice over who services their loan.

## FIRST CLAIM FOR RELIEF

Violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, *et seq.*

**17.**

Plaintiffs' Qualified Written Request, as that term is defined under RESPA, 12 U.S.C. § 2605(e)(1)(B), notified defendant of its erroneous refusal to make corrections to errors and provide information as set out above. As such, it was both a Notice of Error and a Request for Information.

**18.**

Defendant failed to adequately respond to the QWR by investigating, making corrections and taking action, or supplying accurate information to plaintiffs in response to the request. Defendants' failure to investigate and make corrections no later than 30 days after receipt of the QWR violated RESPA, 12 U.S.C. § 2605(e)(2); 12 C.F.R. 1024.35, 1024.36.

**19.**

Defendant's violations of RESPA have resulted in actual damages, including but not limited to lost equity due to unfair and unnecessary default-related charges, PHH's own



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

foreclosure-related attorney fees that it is adding to the loan balance the plaintiffs will eventually be forced to pay off, in an amount to be proven with specificity at trial. Plaintiffs have also suffered non-economic damages in the form of pain and suffering due to the fear of losing their home while the issued complained of in their QWR remained unresolved. They value their emotional distress damages at a minimum of $1,000,000 for each of them.

**20.**

On information and belief, defendant has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA by failing to appropriately respond to QWR letters sent by other borrowers, as set forth in 12 U.S.C. § 2605. As a result of the above violations of RESPA, PHH is liable to the plaintiffs for injunctive relief, as set forth below, and their actual damages, statutory damages, costs and attorney's fees under 12 U.S.C. § 2605(f). These failures constitute violations of RESPA and implementing Regulation X, 12 C.F.R. § 1024.35, § 1024.36.

**SECOND CLAIM FOR RELIEF**

Violation of the Oregon Unlawful Trade Practices Act ("UTPA"), ORS 646.605, *et seq.*

**21.**

Plaintiffs reallege the foregoing paragraphs here.

**22.**

The home loan at issue in this case was obtained for personal, family, or household purposes.

**23.**

PHH is the loan's current mortgage loan servicer within the meaning of OAR 137-0200800(3). The plaintiffs are "borrowers" under OAR 137-020-0800(1), as heirs who stand in



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

the shoes of "an individual who is obligated to repay a loan under a residential mortgage loan agreement. . ."

**24.2**

PHH's conduct—misrepresenting the loan status, failing to honor modification terms in 2025, adding unwarranted default-related charges and attorney fees to the loan balance, refusing to accept and apply HAF funds, and threatening foreclosure—violated Oregon's UTPA, particularly as applied through OAR 137-020-0805, Oregon's mortgage servicing rules. These violations were willful, as PHH knew or should have known that the way it was servicing the plaintiffs' loan violated the UTPA and other laws.

**25.**

PHH's violations of 12 U.S.C. § 2605(e) also violate ORS 646.608(1)(u) and its implementing regulation, OAR 137-020-0805(5), as set out in further detail below.

**26.**

PHH's refusal to implement the original 2025 loan modification (including its refusal to timely apply the HAF funds it was holding), and to appropriately respond to plaintiffs' June QWR Letter, constitute actionable misrepresentations or omissions about the nature and qualities of the loan transaction, in violation of ORS 646.608(1)(e) and (k). PHH violated ORS 646.608(1)(u) as interpreted by OAR 137-020-0805(6) (which prohibits a servicer from failing to "deal with a borrower in good faith") and 12 USC 2605(e) as interpreted by OAR 137-020-0805(5), (which makes it a violation to fail to timely respond to a QWR). They are actionable because they caused the plaintiffs ascertainable loss including but not limited to the costs of obtaining a restraining order, as well as unwarranted charges and attorney fees added to the loan as a result of the defendant's wrongful insistence on treating the loan as though it was in default.



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

**27.**

As a result of PHH's violations of the UTPA, plaintiffs are entitled to actual damages, reasonable attorney fees, costs, and disbursements in bringing this claim.

**28.**

PHH should be required to pay punitive damages as a consequence of attempting to conduct the foreclosure of the plaintiffs' home in spite of their receipt of HAF funds and acceptance of a loan modification offered by PHH. PHH has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the welfare of others, warranting an award of punitive damages, to be proven at trial, of a minimum of $20,000,000.00.

## THIRD CLAIM FOR RELIEF

Oregon Unlawful Debt Collection Practices Act ("OUDCPA"), ORS 646.639, *et seq.*

**29.**

PHH attempted to collect an obligation or alleged obligation from the plaintiffs to pay money arising out of a transaction in which the money, credit, property, or services that are the subject of the transaction were obtained for personal, family, or household purposes.

**30.**

PHH is a person who by direct or indirect action, conduct or practice, enforces or attempts to enforce an obligation that is owed to, or alleged to be owed or due to a commercial creditor, by a consumer as a result of a consumer transaction, and is therefore a debt collector as defined by the OUDCPA.

////



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

**31.**

PHH's efforts to foreclose after receiving reinstatement funds and offering the plaintiffs a loan modification, as described particularly above, were attempts to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist, in violation of ORS 646.639(2)(k).

**32.**

As a result of PHH's violations of the OUDCPA, plaintiffs are entitled to actual damages as described above, including economic and non-economic damages, plus reasonable attorney fees, costs, and disbursements in bringing this claim.

**33.**

PHH should be required to pay punitive damages as a consequence of attempting to conduct the foreclosure of the plaintiffs' home in spite of their receipt of HAF funds and acceptance of a loan modification offered by PHH. PHH has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the welfare of others, warranting an award of punitive damages, to be proven at trial, of a minimum of $20,000,000.

## FOURTH CLAIM FOR RELIEF

Financial Abuse of a Vulnerable Person, ORS 124.100, *et seq.* (on behalf of John James Gilbert).

**34.**

Plaintiff realleges the foregoing paragraphs here.

**35.**

Mr. Gilbert is a person protected by ORS 124.100 by reason of his disability.



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

**36.**

PHH wrongfully took or appropriated money or property from Mr. Gilbert by unwarrantedly charging default-related costs and fees to the loan secured by his real property, when his loan should have been considered modified and fully reinstated, thus reducing the value of the equity in the property by a currently unknown but ascertainable amount. These amounts also constitute actual damages incurred by Mr. Gilbert.

**37.**

PHH's conduct constitutes financial abuse under ORS 124.110(1)(a). In addition to his economic loss, Mr. Gilbert has sustained non-economic damages in the form of pain and suffering experienced due to the fear of losing his home. He values these damages at a minimum of $1,000,000. His damages are subject to trebling pursuant to ORS 124.100(2)(a) and (b). He also requests an award of reasonable attorney fees and costs under ORS 124.100(2)(c) and reasonable fees for the services of a guardian ad litem as allowed by ORS 124.100(2)(d).

**PRAYER FOR RELIEF:**

WHEREFORE, plaintiffs pray for:

1. On their first claim for relief (RESPA):

   A. Actual damages, including out of pocket loss, loss of home equity due to default related charges made to the loan secured by plaintiffs' home, and non-economic damages due to emotional distress of at least $1,000,000 each, in an exact amount to be proven at trial, together with prejudgment interest;

   B. A court order declaring that plaintiffs are not in default, and enjoining the defendants from foreclosing upon the property secured by the loan at issue in this case;

   C. Statutory damages in the amount of $2,000.00, pursuant to 12 USC § 2605(f);



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

D. Attorney fees and costs pursuant to 12 USC § 2605(f)(3), and;

E. Such other and further relief as this court deems just and equitable.

2. On their second claim for relief (Oregon Unlawful Trade Practices Act):

A. Actual damages including out of pocket loss, loss of home equity due to default related charges made to the loan secured by plaintiffs' home, in an exact amount to be proven at trial, together with prejudgment interest;

B. Punitive damages in an amount to be proven at trial, at a minimum of $20,000,000.00.

C. Plaintiffs' reasonable costs and attorney fees pursuant to ORS 646.638(3);

D. A court order declaring that plaintiffs are not in default and enjoining the defendant from foreclosing upon the property secured by the loan at issue in this case;

E. Such other and further relief as this court deems just and equitable.

3. On their third claim for relief, (Oregon Unlawful Debt Collection Practices Act):

A. Actual damages including out of pocket loss, loss of home equity due to default related charges made to the loan secured by plaintiffs' home, in an exact amount to be proven at trial, together with prejudgment interest;

B. Economic damages, including out of pocket loss, loss of home equity due to default-related charges made to the loan secured by plaintiffs' home;

C. Non-economic damages due to emotional distress of at least $1,000,000 each, in an exact amount to be proven at trial, together with prejudgment interest;

D. Punitive damages in an amount to be proven at trial, at a minimum of $20,000,000.00.

E. Plaintiffs' reasonable costs and attorney fees pursuant to ORS 646.641(1);



**ELEMENTAL LAW LLC**
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-926-6303
Fax: 503-345-6655

F. Such other and further relief as this court deems just and equitable.

4. On Mr. Gilbert's fourth claim for relief (Financial Abuse of a Vulnerable Person):

A. Economic damages including out of pocket loss, loss of home equity due to default related charges made to the loan secured by plaintiffs' home, in an exact amount to be proven at trial, together with prejudgment interest;

B. Non-economic damages of at least $1,000,000, in an exact amount to be proven at trial and subject to trebling pursuant to ORS 124.100(2)(a) and (b), together with prejudgment interest;

C. Plaintiff's reasonable costs and attorney fees pursuant to ORS 124.100(2)(c) and guardian ad litem fees pursuant to ORS 124.100(2)(d);

D. A court order declaring that plaintiff is not in default, and enjoining the defendant from foreclosing upon the property secured by the loan at issue in this case;

E. Such other and further relief as this court deems just and equitable.

**JURY DEMAND**

Plaintiffs hereby demand trial by jury.

Respectfully submitted this 27th day of May, 2026.

*/s/Hope Del Carlo*
Hope Del Carlo, OSB No. 002410
hope@elemental.law
Elemental Law LLC
7805 SW 40th Ave., #19025
Portland, OR 97280
Tel: 503-789-7372
Fax: 503-345-6655

Keith Karnes, OSB No. 033521
keith@rankkarneslaw.com
Rank & Karnes Law PC
2701 12th St. SE
Salem, OR 97302
Tel: 503-385-8888
Fax: 503-385-8899

Of Attorneys for Plaintiffs